UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------

GLEASON LEWIS,

                              Plaintiff,

                              v.

UNIVERSITY TOWERS APARTMENT CORP.,
MICHAEL URENA and DAVID FRANQUE,

                              Defendants.

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
17-CV-972 (MKB)

----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Plaintiff Gleason Lewis, proceeding *pro se*, commenced the above-captioned action on February 17, 2017 against Defendants University Towers Apartment Corporation ("University Towers"), Michael Urena and David Franque, for employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). (Compl., Docket Entry No. 1.) The Court grants Plaintiff's request to proceed *in forma pauperis* for the purpose of this Memorandum and Order. For the reasons discussed below, the Court dismisses the Complaint and grants Plaintiff thirty (30) days from the date of this Memorandum and Order to file an amended complaint.

**I. Background**

       Plaintiff worked for University Towers as a porter for approximately five years. (Compl. 6.)[1] On the form cover page accompanying the Complaint, Plaintiff checked boxes corresponding to claims for failure to hire, termination of employment, failure to promote,

---

      [1] Because the Complaint is not consecutively paginated, the Court refers to the page numbers assigned by the electronic document filing system ("ECF").

unequal terms and conditions of employment and retaliation. (*Id.* at 4.) Plaintiff indicates that Defendants discriminated against him because of his race, color and religion, elaborating with regard to his religion that his "hair" is "rastor." (*Id.* at 5.) In the statement of facts, Plaintiff asserts that he is "one of the hardest worker[s]" and the "the only person on the job that [ha]s been evaluated every year," while "the other co-worker[s] get to do whatever." (*Id.*) Plaintiff also attaches to the Complaint a six-page letter addressed "To Whom It May Concern" and dated September 8, 2016, outlining situations in which his supervisors, Defendants Urena and Franque, reprimanded him for improper disposal of garbage and refusal to sign the employee handbook, left him waiting for appointments, and allegedly accused him of being absent or tardy to work when he was present or had a valid excuse for his absence. (*Id.* at 6–11.) Plaintiff was terminated from his position but does not provide specific allegations about his termination except to assert that "[t]he way [he] was terminated was completely orchestrated." (*Id.* at 11.)

Plaintiff filed a charge with the Equal Employment Opportunity Commission (the "EEOC") on May 5, 2015, and received a notice of right-to-sue letter dated November 22, 2015 adopting "the findings of the state or local fair employment agency that investigated [Plaintiff's] charge." (*Id.* at 12.)

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained

2

in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a pro se complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a pro se complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

### b. Plaintiff's claim is time-barred

Plaintiff's claim is untimely and is therefore dismissed.

In order to be timely, a claim under Title VII "must be filed in federal district court within 90 days of the claimant's receipt of a right-to-sue letter from the EEOC." *Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37 (2d Cir. 2011) (per curiam) (citing 42 U.S.C. § 2000e-5(f)(1)); *Jordan v. Forfeiture Support Assocs.*, 928 F. Supp. 2d 588, 598 (E.D.N.Y. 2013). "There is a presumption that a notice provided by a government agency was mailed on the date shown on the notice," and that "a mailed document is received three days after its mailing." *Tiberio*, 664 F.3d at 37 (citing *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 526 (2d Cir. 1996)).

Here, the EEOC mailed Plaintiff a right-to-sue letter on November 22, 2015 and indicated that a lawsuit based on the charge "must be filed within 90 days of . . . receipt." (Compl. 12 (emphasis omitted).) The governing mailing presumptions therefore apply to this

case, and the Court presumes that Plaintiff obtained the EEOC's notice on November 26, 2015.[2] *See Friedman v. Swiss Re Am. Holding Corp.*, 512 F. App'x 94, 96 (2d Cir. 2013) (noting that the presumption that a mailed document is received three days after its mailing applies unless sworn testimony suggests otherwise); *Tiberio*, 664 F.3d at 37 (same). Thus, Plaintiff must have filed the Complaint no later than February 23, 2016 in order for it to have been timely.

Plaintiff commenced this action on February 17, 2017, almost a year after the February 23, 2016 deadline, (*see* Compl.), and has provided neither an explanation for the delay nor an argument to toll the limitations period. *See Haygood v. ACM Med. Lab., Inc.*, 642 F. App'x 27, 28 (2d Cir. 2016) (finding that district court did not err in determining that the plaintiff had not met the "extraordinary" burden to invoke equitable tolling of the Title VII "90-day deadline"); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."). As the Supreme Court recently "reaffirm[ed]," "the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Menominee Indian Tribe of Wisc. v. United States*, 577 U.S. ---, ---, 136 S. Ct. 750, 756 (2016).

Because Plaintiff has not provided facts to support equitable tolling of the limitations period, the Court dismisses Plaintiff's Title VII claim as untimely. However, Plaintiff is granted leave to amend the Complaint to include facts that may support equitable tolling. Plaintiff should include a copy of the charge of discrimination that he filed with the state or local employment agency that investigated his allegations or a copy of the charge that he filed with the EEOC.

---

[2] November 22, 2015 was a Sunday.

### c. Plaintiff fails to state a claim under Title VII

Plaintiff claims that Defendants failed to hire him, terminated his employment, failed to promote him, retaliated against him and subjected him to unequal terms and conditions of employment. (Compl. 4.) However, Plaintiff fails to plead sufficient factual allegations to support his claims.

A plaintiff is required to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *See Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Title VII provides that "[i]t shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, *because of such individual's race, color, religion, sex, or national origin.*" 42 U.S.C. § 2000e-2(a) (emphasis added); *see also Brown v. City of Syracuse*, 673 F.3d 141, 150 (2d Cir. 2012). To establish a *prima facie* case of discrimination, Plaintiff must show that: "(1) he belonged to a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) that the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent." *Littlejohn v. City of New York*, 795 F.3d 297, 307 (2d Cir. 2015); *Brown*, 673 F.3d at 150; *see also Mills v. S. Conn. State Univ.*, 519 F. App'x 73, 75 (2d. Cir. 2013).

Title VII also contains an anti-retaliation provision, prohibiting discrimination against an employee "because he has opposed any . . . unlawful employment practice." 42 U.S.C. § 2000e-3(a); *see also Tepperwien v. Entergy Nuclear Operations, Inc.*, 663 F.3d 556, 567 (2d Cir. 2011) ("Title VII . . . prohibits an employer from taking 'materially adverse' action against an employee because the employee opposed conduct that Title VII forbids or the employee

5

otherwise engaged in protected activity." (citations omitted)); *Hicks v. Baines*, 593 F.3d 159, 161 (2d Cir. 2010) ("Title VII's anti-retaliation provision makes it unlawful 'for an employer to discriminate against any . . . employee[] . . . because [that employee] opposed any practice' made unlawful by Title VII.'" (alterations in original) (quoting 42 U.S.C. § 2000e-3(a))). To establish a prima facie case of retaliation, a plaintiff must show: "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Littlejohn*, 795 F.3d at 316 (quoting *Hicks*, 593 F.3d at 164).

Even liberally construing the Complaint, it fails to make out a prima facie case of discrimination or retaliation. Plaintiff does not provide facts that connect an adverse employment action — for example, his termination — to his protected status, nor does he identify his race, color or religion in the Complaint. *See Littlejohn*, 795 F.3d at 311 ("The facts required by *Iqbal* to be alleged in the complaint need not give plausible support to the ultimate question of whether the adverse employment action was attributable to discrimination. They need only give plausible support to a minimal inference of discriminatory motivation."); *see also Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015) ("[A] plaintiff must allege that the employer took adverse action against her at least in part for a discriminatory reason, and she may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination."). Nor does Plaintiff plead facts showing that his participation in a protected activity caused Defendant to retaliate against him in a manner that adversely affected his employment. *See Littlejohn*, 795 F.3d at 316.

Furthermore, Plaintiff names as Defendants two individual employees of University

Towers, but "Title VII does not provide for individual liability." *Raspardo v. Carlone*, 770 F.3d 97, 113 (2d Cir. 2014). The Court accordingly dismisses Plaintiff's claims against the individual Defendants.

However, in light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to amend the Complaint to plead facts that support an argument for equitable tolling and facts to show that his race, color or religion was the reason for the alleged adverse employment action. Plaintiff may also plead facts to show that he experienced an adverse employment action as a result of his attempt to oppose a practice that is prohibited under Title VII. The amended complaint must include a short, plain statement of facts sufficient to support a plausible claim that University Towers discriminated or retaliated against him in violation of Title VII. Any amended complaint must be filed within thirty (30) days of the date of this Memorandum and Order, must be captioned "Amended Complaint" and must bear the same docket number as this Memorandum and Order. No summons shall issue at this time, and all further proceedings shall be stayed for thirty days. If Plaintiff fails to file an amended complaint within thirty days, the Court will dismiss this action.

## III. Conclusion

For the foregoing reasons, the Court dismisses Plaintiff's Title VII claim for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court grants Plaintiff leave to file an amended complaint against University Towers within thirty (30) days of the date of this Memorandum and Order. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: April 13, 2017
       Brooklyn, New York